LILLIAN E. WIRTH, Respondent, v. GEORGE R. WIRTH, Appellant.— In an action by a wife for separation on the ground of abandonment, cruel and inhuman treatment, and failure properly to support, the court granted a separation on all grounds and awarded permanent alimony of $50 a week. Defendant appeals from the judgment entered thereon. Judgment reversed on the law and the facts, without costs, and complaint dismissed, without costs. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. In our opinion the evidence was insufficient to support findings that defendant abandoned plaintiff, that he treated her cruelly and inhumanly or that he failed properly to support her. Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur. Settle order on notice.

## (June 16, 1953.)

In the Matter of the Accounting of EDGAR F. LUCKENBACH, as Trustee under the Will of LEWIS LUCKENBACH, Deceased. PHILLIP BARNETT et al., as Assignees and Trustees of LEWIS LUCKENBACH, Appellants; EDGAR F. LUCKENBACH, JR., et al., Respondents.— Motion referred to the court that rendered the decision. Present — Nolan, P. J., Carswell, Adel, MacCrate and Beldock, JJ. Motion to resettle order or in the alternative for leave to reargue or appeal to the Court of Appeals, and for other relief. Motion denied, without costs, with leave to renew, if so advised, on papers which will disclose what action the parties have taken with respect to the stipulation provided for under the decision of this court dated May 4, 1953 (281 App. Div. 595). Present — Nolan, P. J., Adel, Wenzel, MacCrate and Beldock, JJ.

## (June 22, 1953.)

CITY OF MOUNT VERNON, Respondent, v. AUTOKEFALOS ORTHODOX SPIRITUAL CHURCH OF SAINT GEORGE, THE TROPEOPHOROS, Appellant, et al., Defendants.— Motion for stay denied, without costs. Present — Nolan, P. J., Carswell, Adel, Wenzel and MacCrate, JJ. [See 281 App. Div. 983, 1036.]

MARIE BARDONEK, Appellant, v. STANLEY BARDONEK, INC., Respondent.— Appeal from an order of the County Court, Suffolk County, denying a motion to dismiss for nonprosecution an appeal to that court. Order affirmed, without costs. The notice of appeal to the County Court demanded a trial de novo in compliance with section 442 of the Justice Court Act. Thereafter, the action was at issue in the County Court (Justice Ct. Act, § 446). Either party could have placed the case on the calendar for trial (Rules Civ. Prac., rule 150). Appellant did not do so. Therefore, there was not an abuse of discretion in the denial of appellant's motion because the respondent did not move the action for trial. Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.